1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   O'M AND ASSOCIATES, LLC, an      )  Civil No. 10cv2130 AJB(RBB)
     Illinois limited liability       )
12   company, d/b/a O'Malley and      )  **ORDER DENYING DEFENDANT MATTHEW**
     Associates; PRESERVE CAPITAL,    )  **STOEN'S** <u>**AMENDED**</u> **MOTION FOR**
13   LLC, an Illinois limited         )  **ORDER TO SHOW CAUSE WHY**
     liability company; and MBM       )  **PLAINTIFFS AND/OR PETER HILGER**
14   SETTLEMENTS, LLC, an Illinois    )  **SHOULD NOT BE HELD IN CONTEMPT**
     limited liability company,       )  **OF COURT FOR VIOLATION OF THE**
15                                    )  **JANUARY 3, 2011 PROTECTIVE**
                    Plaintiffs,       )  **ORDER [ECF NO. 120]**
16                                    )
     v.                               )
17                                    )
     BRENDAN K. OZANNE, BRIAN C.      )
18   DAWSON, AND DAWSON & OZANNE, a   )
     California general partnership,  )
19   as escrow agent; MATTHEW STOEN,  )
     individually and as manager and )
20   agent for KODIAK FAMILY, LLC, a  )
     Nevada limited liability         )
21   company; KODIAK FAMILY, LLC,     )
     individually and as agent for    )
22   XYZ CORPORATION,                 )
                                      )
23                  Defendants.       )
     _____)
24

25       On February 23, 2011, Defendant Matthew Stoen filed a Motion

26  for Order to Show Cause Why Plaintiffs and/or Peter Hilger Should

27  Not Be Held in Contempt of Court for Violation of the January 3,

28  2011 Protective Order [ECF No. 111].  Stoen asked that the Court

issue an order to show cause why Plaintiffs and Hilger should not be held in contempt of court, and that the Limited Temporary Restraining Order issued by United States District Court Judge Marilyn E. Huff be dissolved.  (Mot. Order Show Cause 6, ECF No. 111.)  On March 1, 2011, Judge Huff referred the Motion to this Court, vacated the motion hearing, and reset the hearing for April 4, 2011, at 10:00 a.m. before this Court [ECF No. 116].[1]

On March 3, 2011, Defendant Matthew Stoen filed an Amended Motion for Order to Show Cause Why Plaintiffs and/or Peter Hilger Should Not Be Held in Contempt of Court for Violation of the January 3, 2011 Protective Order, along with Exhibit A and a redacted version of Exhibit B [ECF No. 120].  The Defendant subsequently lodged the confidential version of Exhibit B with the Court, pursuant to the Protective Order entered on January 3, 2011 [ECF Nos. 72-73, 118-119].

On March 18, 2011, Plaintiffs' Response in Opposition to Defendant's Amended Motion for Order to Show Cause Why Plaintiffs and/or Peter Hilger Should Not Be Held in Contempt of Court for Violation of the January 3, 2011 Protective Order was filed, along with the Affidavit of Peter Hilger [ECF No. 125].  On March 28, 2011, this Court vacated the April 4, 2011 motion hearing and reset it for May 23, 2011, at 10:00 a.m.  A redacted version of Defendant Stoen's Reply and a redacted exhibit was filed on May 16, 2011 [ECF No. 159].  The next day, Defendant Stoen lodged a confidential version of the Reply and exhibit with chambers [ECF Nos. 160, 164].  The Court found Defendant Stoen's Motion suitable

---

[1] This case was transferred to United States District Court Judge Anthony J. Battaglia on March 15, 2011 [ECF No. 124].

for resolution on the papers, pursuant to Southern District of
California Civil Local Rule 7.1(d)(1), and vacated the hearing set
for May 23, 2011, at 10:00 a.m. [ECF No. 168].

The Court has reviewed Defendant's Amended Motion and
exhibits, Plaintiffs' Opposition and Affidavit of Peter Hilger,
and Defendant's Reply and exhibit.  For the reasons stated below,
Defendant's Amended Motion for Order to Show Cause is **DENIED**.

**I.**

**BACKGROUND**

On January 3, 2011, Judge Marilyn Huff granted the parties'
Joint Motion for Entry of Protective Order.  (Joint Mot. Entry
Protective Order 1, ECF No. 72; Order Granting Joint Mot.
Protective Order 1, ECF No. 73.)  In his Amended Motion for Order
to Show Cause, Defendant Matthew Stoen generally argues that Peter
Hilger, a member of Plaintiff Preserve Capital, LLC [ECF No. 120],
violated the Protective Order by deliberately and wrongfully
disclosing confidential information to Stoen's father-in-law, Jon
Monson.  (Am. Mot. Order Show Cause 5, ECF No. 120; Reply 2, ECF
No. 159.)  Stoen claims that on January 31, 2011, after the
default against him was set aside, he produced confidential
information to Plaintiffs' counsel in compliance with the Limited
Temporary Restraining Order [ECF Nos. 36-37, 96, 100].  (Am. Mot.
Order Show Cause 3, ECF No. 120.)  The Defendant alleges that on
February 17, 2011, Peter Hilger sent an e-mail to Stoen's father-
in-law disclosing the signatory on a bank account into which a
portion of the disputed funds had been deposited.  (Id. at 5.)  In
response, Plaintiffs argue that the mere identity of the holder of
the account into which the funds were deposited is not

3

1   "confidential information" within the meaning of the Protective

2   Order.  (Opp'n 3, ECF No. 125.)  Even if it is, Plaintiffs assert,

3   Peter Hilger's belief that it did not constitute confidential

4   information was a reasonable interpretation of the Protective

5   Order, and any violation was unintentional.  (Id.; see id. Attach.

6   #1 Hilger Aff. 2.)

7   **A.    The November 2, 2010 Limited Temporary Restraining Order**

8        On October 13, 2010, Plaintiffs filed a Verified Motion for

9   Temporary Restraining Order with supporting affidavits attached

10  [ECF No. 4].  Plaintiffs sought an order prohibiting the

11  Defendants from spending or disbursing approximately $700,000 in

12  escrowed funds that had been wired into the Defendants' IOLTA

13  account until further court order.  (Verified Mot. TRO 4-6, 10,

14  ECF No. 4.)  On November 2, 2010, Judge Huff granted a Limited

15  Temporary Restraining Order [ECF Nos. 36-37], instructing the

16  following:

17       (1)  Brendan Ozanne and Dawson & Ozanne and its
            principals, including but not limited to Matthew
18            Stoen, individually and as agent of Kodiak Family,
            LLC, are enjoined and restrained from directly or
19            indirectly transferring the Deposited Funds plus
            any interest earned thereon, or any portion
20            thereof, from any account over which any of
            Defendants have ownership, possession, or control
21            and into which the Deposited Funds have been
            identifiably transferred;
22
       (2)  Ozanne, Dawson & Ozanne, Stoen and Kodiak are to
23            provide, within 10 days from the effective date of
            this order, all relevant information regarding all
24            accounts to which the Deposited Funds were
            transferred and are now held, including but not
25            limited to: the location and identity of the
            transferee account, the date on which the funds
26            were transferred, the accounts to which they were
            transferred, the reason for the transfer, and the
27            identities of all signatories to the account to
            which the funds were transferred;
28

4

1         (3)   Discovery may commence in this matter immediately
2             and be expedited as to accounting and issues raised
          in the application for the temporary restraining
3             order . . . .

4   (Order Granting Limited TRO 3-4, ECF No. 36; Mem. Decision

5   Granting Limited TRO 8-9, ECF No. 37.)

6   **B.**   **The Protective Order**

7   On January 3, 2011, the parties filed a Joint Motion for

8   Entry of Protective Order.  (Joint Mot. Entry Protective Order 1,

9   ECF No. 72.)  That same day, the Court issued an Order Granting

10   Joint Motion for Entry of Protective Order as Modified by the

11   Court.  (Order Granting Joint Mot. Protective Order 1, ECF No.

12   73.)  The Protective Order states that all confidential

13   information or documents shall be used by the receiving party

14   solely for litigation purposes.  (<u>Id.</u> at 2.)  The Order limited

15   the dissemination of "confidential information."

16       1.   For purposes of this Order, "Confidential
Information" shall mean information or data of any
17          kind or description containing proprietary,
competitively sensitive, and/or financial or
18          customer information which is produced by any party
or third party, is confidential to the producing
19          party in that it is not generally available to the
public or third persons, and is designated in good
20          faith by the producing party as "Confidential,"
including, but without limitation, tax returns,
21          financial statements, bank account records and
statements, and other financial information.
22

23         . . . .

24       3.   Except as expressly stated herein or by further
Order of this Court, Confidential Information shall
25          not be given, shown, made available, communicated,
or disclosed to anyone other than:

26         (a)   The attorneys of record in this action,
and their legal assistants and staff
27             members;
      (b)   the parties to this action;
28

10cv2130 AJB(RBB)

1
2
3
4
5
6
7
8
9
10

        (c)   Independent consultants and/or experts retained by the parties to work on the action, provided that before any such consultant or expert is shown or receives any Confidential Information he must read a copy of this Order and agree to abide by same by executing an affidavit specifying that such person has read a copy of the Order and agrees to abide by same;

        (d)   Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this action;

        (e)   Such persons as counsel for the parties may mutually consent to in writing or on the record prior to the proposed disclosure; and

        (f)   The Court and appropriate Court personnel.

11    (Id.)

12    **II.**

13    **LEGAL STANDARDS**

14    "'Civil contempt . . . consists of a party's disobedience to

15    a specific and definite court order by failure to take all

16    reasonable steps within the party's power to comply.'"  Reno Air

17    Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006)

18    (quoting In re Dual-Deck Cassette Recorder Antitrust Litig., 10

19    F.3d 693, 695 (9th Cir. 1993)).  When a party violates a

20    protective order, a district court may impose the remedies it

21    deems appropriate.  Westinghouse Elec. Corp. v. Newman &

22    Holtzinger, P.C., 992 F.2d 932, 934-35 (9th Cir. 1993); Lew v.

23    Kona Hosp., 754 F.2d 1420, 1426-27 (9th Cir. 1985); see Yates v.

24    Applied Performance Techs., Inc., 205 F.R.D 497, 500 (S.D. Ohio

25    2002) (citing 6 James Wm. Moore et al., Moore's Federal Practice §

26    26.108[2] (3d ed. 1997)).

27    Rule 37(b) of the Federal Rules of Civil Procedure authorizes

28    district courts to impose a wide range of sanctions, including

contempt, on a party that fails to comply with a discovery order or a protective order.  Fed. R. Civ. P. 37(b)(2)(A)(vii); <u>Westinghouse Elec. Corp.</u>, 992 F.2d at 934-35 (citing support for the proposition that Rule 37(b)(2) should provide for enforcement of Rule 26(c) joint protective orders); <u>United States v. Nat'l Med. Enters., Inc.</u>, 792 F.2d 906, 910 (9th Cir. 1986) (upholding a Rule 37(b) sanction for a party's violation of the protective order); <u>see</u> <u>O'Phelan v. Loy</u>, No. 09-00236, 2010 U.S. Dist. LEXIS 129030, at *7-8 (D. Haw. Dec. 6, 2010); <u>Mora v. Target Corp.</u>, No. 07cv719 MMA (WMc), 2010 U.S. Dist. LEXIS 123681, at *2-3 (S.D. Cal. Nov. 22, 2010); <u>Lambright v. Ryan</u>, No. CV-87-235-TUC-JMR, 2010 U.S. Dist. LEXIS 52781, at *14-15 (D. Ariz. May 4, 2010) (citations omitted); <u>contra</u> <u>Lipscher v. LRP Publ'g, Inc</u>., 266 F.3d 1305, 1323 (11th Cir. 2001) (finding that violating a protective order is not sanctionable under Rule 37(b)(2) because a protective order is not an order "to provide or permit discovery").

"'Civil contempt is a refusal to do an act the court has ordered for the benefit of a party; the sentence is remedial. Criminal contempt is a completed act of disobedience; the sentence is punitive to vindicate the authority of the court." <u>Bingman v. Ward</u>, 100 F.3d 653, 655 (9th Cir. 1996) (quoting <u>In re Sequoia Auto Brokers Ltd.</u>, 827 F.2d 1281, 1283 n.1 (9th Cir. 1987)).  In the Ninth Circuit, a contempt order is for civil contempt if the sanction coerces compliance with a court order or compensates the injured party for losses sustained.  <u>Koninklijke Philips Elecs., N.V. v. KXD Tech., Inc.</u>, 539 F.3d 1039, 1044 (9th Cir. 2008). Civil contempt sanctions are often imposed against individuals who violate protective orders.  6 James Wm. Moore et al., <u>Moore's</u>

<u>Federal Practice</u> § 26.108[2], at 26-570 (3d ed. 2011); <u>see</u> <u>Quinter</u>
<u>v. Volkswagen of Am.</u>, 676 F.2d 969, 975 (3d Cir. 1982) (finding
that the court properly imposed a civil contempt sanction when the
expert witness disclosed confidential information to another
attorney).

Defendant Stoen seeks an award of fees incurred to address
Hilger's conduct, monetary sanctions, and the dissolution of the
Limited Temporary Restraining Order. (Am. Mot. Order Show Cause
6, ECF No. 120.) Although Stoen does not specify whether he seeks
an order holding Hilger in civil or criminal contempt, the failure
to comply with a protective order or other discovery order in
these circumstances would give rise to civil contempt. 6 James
Wm. Moore et al., <u>Moore's Federal Practice</u> § 26.108[2], at 26-570
(citing <u>Quinter</u>, 676 F.2d at 975); <u>see</u> <u>Reno Air Racing Ass'n</u>, 452
F.3d at 1130.

"The party alleging civil contempt must demonstrate that the
alleged contemnor violated the court's order by 'clear and
convincing evidence,' not merely a preponderance of the evidence."
<u>In re Dual-Deck Cassette Recorder Antitrust Litig.</u>, 10 F.3d at
695; <u>Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.</u>, 689 F.2d
885, 889 (9th Cir. 1982). Therefore, a court may impose a civil
contempt sanction only if there is clear and convincing evidence
that "(1) the contemnor violated a court order, (2) the
noncompliance was more than technical or de minimis (substantial
compliance is not punishable as contempt), and (3) the contemnor's
conduct was not the product of a good faith or reasonable
interpretation of the violated order." 7 James Wm. Moore et al.,
<u>Moore's Federal Practice</u> § 37.51[7], at 37-109 (footnotes

10cv2130 AJB(RBB)

1  omitted); see United States v. Bright, 596 F.3d 683, 694 (9th Cir.

2  2010) (quoting Labor/Cmty. Strategy Ctr. v. L.A. County Metro.

3  Trans. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009)).  "Any doubts

4  as to whether these requirements have been met in a particular

5  case must be resolved in favor of the party accused of the civil

6  contempt."  7 James Wm. Moore et al., Moore's Federal Practice §

7  37.51[7], at 37-109 (footnote omitted).

8                              **III.**

9                            **DISCUSSION**

10      Defendant argues that the information Peter Hilger disclosed

11 to Stoen's father-in-law, Jon Monson, was confidential, and the

12 disclosure was wrongful.  (Am. Mot. Order Show Cause 2-3, 5, ECF

13 No. 120; Reply 2, ECF No. 159.)  On January 31, 2011, Stoen served

14 Plaintiffs a "Compliance Document" and bank statements identifying

15 the account into which funds were transferred, in accordance with

16 the Limited Temporary Restraining Order requiring that Stoen

17 produce the identities of the signatories to the transferee

18 accounts.  (Am. Mot. Order Show Cause 3, ECF No. 120 (quoting

19 Order Granting Limited TRO 3, ECF No. 36); see Order Granting Def.

20 Matthew Stoen's Mot. Set Aside Default 6-7, ECF No. 100; Notice

21 Compliance Ct.'s Order 1-2, ECF No. 103.)  The Defendant argues

22 that the signatory to the transferee account falls within the

23 definition of "confidential information" in the Protective Order.

24 (Reply 2-3, ECF No. 159.)

25      Even if the information was not confidential, Stoen contends

26 the information was still designated confidential by defense

27 counsel in good faith, and Plaintiffs did not challenge the

28 designation.  (Id.; see Am. Mot. Order Show Cause 3-5, ECF No. 120

                                9

1   (citing id. Attach. #1 Ex. A, at 2).)  Defendant Stoen filed under

2   seal and lodged with the Court a confidential version of a copy of

3   the e-mail sent from Hilger to Monson disclosing the identity of

4   one of the transferee accounts.  (Am. Mot. Order Show Cause 5, ECF

5   No. 120; see id. Attach. #2 Ex. B, at 2.)  Based on this

6   disclosure, Defendant asks that the Court issue an order to show

7   cause why Peter Hilger should not be held in contempt and to

8   ultimately find him in contempt.  (Am. Mot. Order Show Cause 6,

9   ECF No. 120; Reply 4, ECF No. 159).)

10       In response, the Plaintiffs argue that the identity of the

11  holder of the account into which funds were transferred is not

12  "confidential information."  (Opp'n 3, ECF No. 125.)  Plaintiffs

13  point to the language in the Protective Order describing

14  "confidential information" as including "bank account records and

15  statements, and other financial information," to demonstrate that

16  Hilger did not disclose confidential information.  (Id. at 2-3.)

17       Alternatively, Plaintiffs argue that any violation was

18  unintentional because Hilger did not believe he was disclosing

19  information he could not share.  (Id. at 3; see id. Attach. #1

20  Hilger Aff. 2.)  Plaintiffs contend that Hilger believed that the

21  actual bank statements and similar financial documents constituted

22  confidential information, which is a good faith interpretation of

23  the Protective Order.  (Opp'n 3, ECF No. 125.)  The Plaintiffs ask

24  the Court to strike paragraphs eight and nine in Defendant's

25  Amended Motion as "irrelevant and unsubstantiated" and to strike

26  Stoen's request that the Limited Temporary Restraining Order be

27  dissolved.  (Id. at 4.)  Plaintiffs conclude their Opposition by

28  asking the Court to strike the Amended Motion in its entirety or,

10cv2130 AJB(RBB)

1    alternatively, to find that an order to show cause should not

2    issue. (<u>Id.</u>)

3    **A.     <u>Violation of a Court Order</u>**

4         Defendant Stoen must show by clear and convincing evidence

5    that Peter Hilger violated a court order.   <u>In re Dual-Deck</u>

6    <u>Cassette Recorder Antitrust Litig.</u>, 10 F.3d at 695.   The

7    Protective Order defines confidential information as "information

8    or data of any kind or description containing proprietary,

9    competitively sensitive, and/or financial or customer information

10   . . . including, but without limitation, tax returns, financial

11   statements, bank account records and statements, and other

12   financial information." (Order Granting Joint Mot. Entry

13   Protective Order 2, ECF No. 73.)   Defense counsel designated both

14   the Compliance Document and the bank statements as confidential,

15   and Plaintiffs did not object in writing to the designations as

16   required by the Protective Order. (<u>Id.</u> at 3-4; <u>see</u> Am. Mot. Order

17   Show Cause Attach. #1, at 2, ECF No. 120; <u>see also</u> Reply 3, ECF

18   No. 159.)   Additionally, the Limited Temporary Restraining Order

19   expressly required Defendant Stoen to disclose information

20   regarding "the identities of all signatories to the account to

21   which the funds were transferred." (Order Granting Limited TRO 3,

22   ECF No. 36.)

23        There is clear and convincing evidence that the definition of

24   "confidential information" in the Protective Order is broad enough

25   to include the identity of a transferee account holder.

26   Accordingly, Peter Hilger violated the Order.   See <u>In re Dual-Deck</u>

27   <u>Cassette Recorder Antitrust Litig.</u>, 10 F.3d at 695.

28

10cv2130 AJB(RBB)

**B.    Substantial Compliance**

"'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." Id. at 695 (citing Vertex Distrib., Inc., 689 F.2d at 891).  The Limited Temporary Restraining Order required that Defendant Stoen produce the identities of the transferee account holders to Plaintiffs; their identities is among the confidential information relevant to this lawsuit.  (See Order Granting Limited TRO 3, ECF No. 36; Order Granting Def. Matthew Stoen's Mot. Set Aside Default 6-7, ECF No. 100.)  After granting Stoen's request to set aside the default judgment entered against him on January 26, 2011, Judge Huff ordered him to "provide Plaintiffs with information regarding all accounts to which deposited funds were transferred" within five days, or by January 31, 2011.  (Order Granting Def. Matthew Stoen's Mot. Set Aside Default 6-7, ECF No. 100.)  Hilger's disclosure of the identity of one of the transferee account holders to Jon Monson is a violation of the Protective Order.  See In re Dual-Deck Cassette Recorder Antitrust Litiq., 10 F.3d at 695.  Although much financial information has been produced to Plaintiffs, Hilger wrongfully disclosed one item of confidential information.  He is in substantial compliance with the court order.  Therefore, Defendant has not produced clear and convincing evidence of more than a technical violation.  See id.

**C.    Based on a Good Faith and Reasonable Interpretation**

Finally, Defendant Stoen must demonstrate by clear and convincing evidence that Hilger's disclosure was not based on a

1   good faith interpretation of the protective order.  See id. at

2   695; Vertex Distrib., Inc., 689 F.2d at 889.

3        The Plaintiffs state that Hilger's belief that the actual

4   bank statements and similar financial information constitute

5   confidential information is a good faith interpretation of the

6   Protective Order.  (Opp'n 3, ECF No. 125.)  They further allege,

7   "Mr. Hilger did not believe he was disclosing information he could

8   not share, as well as the fact that he understood that such

9   information (which he could not share) existed."  (Id.)  Peter

10  Hilger contends, "In the e-mail to [the third party], I did not

11  disclose any confidential information or documents; I specifically

12  told [Jon Monson] I could not."  (Id. Attach. #1 Hilger Aff. 2.)

13       Stoen disputes Hilger's claim that any disclosure of

14  confidential information was unintentional; Defendant argues that

15  Hilger's conduct was "willful, deliberate, and wrongful."  (Reply

16  3-4, ECF No. 159.)  The Defendant notes that Hilger "alludes to

17  his knowledge that he is prohibited from disclosing the

18  information" in the e-mail.  (Am. Mot. Order Show Cause 6, ECF No.

19  120.)  Stoen further maintains, "Hilger was acutely aware that

20  there was something (the Protective Order) that prohibited him

21  from disclosing the information.  Hilger said it himself -- he

22  would supply the information to Monson when he could 'legally

23  release' it."  (Reply 4, ECF No. 159.)

24       The Court has reviewed the e-mail sent by Peter Hilger on

25  February 17, 2011, that was filed under seal in support of

26  Defendant's Motion.  In the sentence that precedes disclosing the

27  identity of the transferee account holder, Hilger stated, "[W]ill

28  be able to share info with you shortly."  (Am. Mot. Order Show

Case Attach. #2 Ex. B, at 2, ECF No. 120.)  Additionally, in
support of Stoen's Reply, he submitted an earlier e-mail sent from
Peter Hilger to Monson on January 25, 2011.  (Reply Attach. #1 Ex.
A, at 2, ECF No. 159.)  There, Hilger explained, "As soon as I can
legally release the massive amount of info to you I will so you
can see the facts."  (Id.)

     Defendant Stoen submitted new material, the January 25, 2011
e-mail, with his Reply.  "It is improper for a moving party to
introduce new facts or different legal arguments in the reply
brief than those presented in the moving papers."  United States
ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal.
2000) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 894-95
(1990)); see Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)
("The district court need not consider arguments raised for the
first time in a reply brief.").  Further, Civil Local Rule 7.1
provides, "[C]opies of all documentary evidence which the movant
intends to submit in support of the motion, or other request for
ruling by the court, must be served and filed with the notice of
motion."  S.D. Cal. Civ. L.R. 7.1(f)(2)(a).  Therefore, Defendant
Stoen improperly submitted additional new evidence in the Reply,
depriving Plaintiffs of their opportunity to respond.  The e-mail,
however, does not prejudice Plaintiffs or Hilger.  On the
contrary, the January 25 and February 17 e-mails show that Hilger
consistently intended to comply with the Protective Order.

     Stoen has not produced clear and convincing evidence that
Peter Hilger's violation was based on an unreasonable
interpretation of the Protective Order.  Hilger's statements in
the two e-mails demonstrate that he knew a protective order was in

14

place.   Peter Hilger's acknowledgment suggests that he believed
the identity of a transferee account holder was not confidential
information.   Hilger stated that he "will be able to share info
with you shortly," and "[a]s soon as [he] can legally release the
massive amount of info" to Monson, he will.   (Am. Mot. Order Show
Case Attach. #2 Ex. B, at 2, ECF No. 120; Reply Attach. #1 Ex. A,
at 2, ECF No. 159.)   Hilger understood there was a large amount of
financial information that was confidential and could not be
shared at that time; his disclosure of the identity of one of the
transferee account holders is consistent with Hilger's belief that
this piece of information was not confidential.

     A good faith and reasonable reading of the Protective Order
is that it applied to confidential financial records, "including,
but without limitation, tax returns, financial statements, bank
account records and statements, and other financial information."
(Order Granting Joint Mot. Protective Order 2, ECF No. 72); see In
re Dual-Deck Cassette Recorder Antitrust Litig., 10 F.3d at 695
("For the protective order to comply with common sense, a
reasonable reading must connect its prohibitions to its purpose .
. . .")   It is not unreasonable to construe the language of the
Order as applying to actual bank statements and financial
documents, but not to the general identity of an account holder.
Defendant Stoen has not established by clear and convincing
evidence that Peter Hilger's interpretation of the Protective
Order was unreasonable.   Id.; Vertex Distrib., Inc., 689 F.2d at
889.   Doubts must be resolved in Hilger's favor.

**CONCLUSION**

There can no longer be any question that the identity of a transferee account holder is confidential information covered by the definition set forth in the Protective Order.  Peter Hilger disclosed this confidential information to a third party who is not among the categories of persons to whom disclosure is permitted.  Accordingly, he violated the Protective Order.  Nonetheless, the Defendant has failed to establish by clear and convincing evidence that at the time of the disclosure, Peter Hilger's conduct was not based on a good faith and reasonable interpretation of the Order.  See In re Dual-Deck Cassette Recorder Antitrust Litig., 10 F.3d at 695.  For all of these reasons, Defendant Matthew Stoen's Motion for Order to Show Cause is **DENIED**.  Plaintiffs' request that the Court strike the Amended Motion for Order to Show Cause, or portions thereof, is also **DENIED.**

IT IS SO ORDERED.


DATED: June 1, 2011

Ruben B. Brooks, Magistrate Judge
United States District Court

cc:
Judge Battaglia
All Parties of Record